2016R00008/JTE/JNM/BAW/ms

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Stanley R. Chesler, U.S.D.J. |
| v. | : | Crim. No. 17-10 (SRC) |
| SALVATORE CONTE, | : | CONSENT JUDGMENT OF FORFEITURE |
| Defendant. | : | (MONEY JUDGMENT) |

On or about February 28, 2017, pursuant to a plea agreement with the United States, defendant Salvatore Conte pleaded guilty to, among other things, Count One of the Indictment, which charged the defendant with conspiracy to violate the Federal Anti-Kickback Statute and the Travel Act and to commit honest services wire fraud by accepting bribes, contrary to 42 U.S.C. § 1320a-7b(b)(2)(A), and N.J.S.A. § 2C:21-10 and 18 U.S.C. §§ 1952(a)(3), in violation of 18 U.S.C. § 371. In the plea agreement, the defendant agreed to forfeit all property he obtained that constitutes or is derived from proceeds traceable to the conspiracy offense charged in Count One. The defendant further agreed that the value of the proceeds obtained by the defendant as a result of the offense charged in Count One was $134,076.13 (the "Money Judgment"), which the defendant agreed to pay in full, using proceeds and/or substitute assets, pursuant to 21 U.S.C. § 853(p).

In the plea agreement, the defendant further waived the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment; acknowledged he understood that the imposition of the Money Judgment is part of the sentence that may be imposed in this case; waived any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding; and waived any and all claims that the forfeiture constitutes an excessive fine and agreed that the forfeiture does not violate the Eighth Amendment.

Having considered the plea agreement, the record as a whole, and the applicable law, it is hereby ORDERED, ADJUDGED AND DECREED THAT:

1. All property, real or personal, which constitutes or is derived from proceeds traceable to the offense to which the defendant pleaded guilty is forfeited to the United States, pursuant to 18 U.S.C. §§ 981(a)(1)(A) and 982(a)(7), and 28 U.S.C. § 2461.

2. The United States is entitled to forfeit substitute assets equal to the value of the proceeds obtained by the defendant. The value of such substitute assets shall not exceed the value of the proceeds the defendant obtained, which is $134,076.13 (the "Money Judgment"). A Money Judgment in the amount of $134,076.13 is hereby entered against the defendant in the amount of $134,076.13, pursuant to 18 U.S.C. § 982(a)(7), 18 U.S.C. § 981(a)(1)(C) and 28

U.S.C. § 2461, 21 U.S.C. § 853(p), and Federal Rule of Criminal Procedure 32.2(b).

3. All payments on the Money Judgment shall be made by postal money order, bank or certified check, made payable, in this instance to the United States Marshals Service, and delivered to the United States Attorney's Office, District of New Jersey, Attn: Asset Forfeiture and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102, and shall indicate the defendant's name and case number on the face of the check.

4. All payments on the Money Judgment are forfeit to the United States of America as substitute assets, pursuant to 21 U.S.C. § 853(p). The United States Marshals Service shall deposit such payments in its Seized Assets Deposit Account, and upon clearing of the financial instrument, shall deposit the funds in the Assets Forfeiture Fund, for disposition according to law. The United States shall have clear title to such payments, proceeds, and/or substitute assets up to the amount of the Money Judgment ($134,076.13).

5. When the Money Judgment is fully satisfied, the United States shall file a Satisfaction of the Money Judgment.

6. Pursuant to Federal Rule of Criminal Procedure 32.2(b)(3) and 21 U.S.C. § 853(n), upon entry of this Order, and until this the Money Judgment is fully satisfied, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of substitute assets to satisfy this Money Judgment, or in connection with any petitions filed with regard to

substitute assets, including depositions, interrogatories, requests for production of documents, and the issuance of subpoenas.

7. This Order shall be deemed part of the sentence of the defendant, and shall be included in the judgment of conviction therewith.

8. The check the defendant tendered to the United States in the amount of $134,076.13 shall be applied to the Money Judgment, in full satisfaction thereof. The United States Marshals Service is authorized to deposit the check in the Assets Forfeiture Fund, and the United States shall have clear title to such property.

9. This Court shall retain jurisdiction to enforce this Order and to amend it as necessary.

Dated: Newark, New Jersey
~~March~~ , 2017

HONORABLE STANLEY R. CHESLER
United States District Judge

The undersigned hereby consent to
the entry and form of this Order:

CRAIG CARPENITO
United States Attorney

By: *[signature]*  Dated: 4/11/18
JACOB T. ELBERG
JOSEPH N. MINISH
DANIELLE ALFONZO WALSMAN
Assistant United States Attorneys

*[signature]*  Dated: 4/11/18
HOWARD BROWNSTEIN, ESQ.
Attorney for Defendant SALVATORE CONTE

*[signature]*  Dated: 4/11/18
SALVATORE CONTE, Defendant